# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SADEEM BROWN,** <br><br> Petitioner, <br><br> v. <br><br> **UNITED STATES OF AMERICA,** <br><br> Respondent. | Docket No.: 16-5379 <br><br><br> **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

    Petitioner Sadeem Brown moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. He argues that he received ineffective assistance of counsel in violation of the Sixth Amendment because his counsel failed to object to the application of the career criminal enhancement under the Advisory Guidelines. U.S.S.G. § 2K2.1(b)(4)(B). For the reasons that follow, the motion is **GRANTED**. Petitioner's sentence is vacated and he will be resentenced pursuant to the accompanying order.

## I. BACKGROUND

    On March 10, 2015, Sadeem Brown pleaded guilty to a one-count indictment of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). On November 12, 2015, the Court sentenced him to a term of 110 months, based on the following analysis. Although Brown's conviction would normally call for a base offense level of 20, he instead received a base offense level of 24 for having committed the offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 2K2.1(b)(4)(B). The Court then applied a four-level enhancement for an altered or obliterated firearm, U.S.S.G. § 2K2.1(b)(4)(B); a four-level enhancement for using or possessing a firearm in connection with another felony, U.S.S.G § 2K2.1(b)(6)(B); and a three-level reduction for acceptance of responsibility, U.S.S.G. § 2E.1.1, yielding an overall offense level of 29.

    Under the 2014 Sentencing Guidelines, a total offense level of 29 corresponds to an advisory range of 151 to 188 months. By operation of the statutory maximum under § 922(g)(1), however, the applicable Guideline range was 120 months. The Court then

considered the factors under Section 3553 so as to impose a sentence sufficient but not greater than necessary. 18 U.S.C. § 3553(a). Because the underlying offense involved a small amount of drugs, the Court varied downward to a Level 25. Tr. 15:11-15. This offense level, along with a Criminal History Category VI, yielded a range of 110 to 137 months. The Court sentenced Brown to 110 months imprisonment.

Brown now argues that his base offense level should have been 20, not 24, because he had not sustained at least two felony convictions for a crime of violence or a controlled substance offense. *See* U.S.S.G. § 2K21.(b)(4)(B). That would have yielded an overall offense level of 25, not 29, before consideration of the § 3553 factors. The Government argues that the base level was correctly computed. It also argues that, even if the career criminal enhancement was applied incorrectly, Brown was not prejudiced, because after considering the § 3553 factors the Court ultimately varied down to a level 25, the same level that would have applied without the career offender enhancement. Conversely, Brown argues that had the Court begun at level 25, it would have varied further downward, and imposed a lesser sentence.

## II. <u>LEGAL STANDARD</u>

Under 28 U.S.C. § 2255, a federal court may vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). While a court may convene a hearing regarding a Section 2255 motion, a hearing is not required where "the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Padilla–Castro*, 426 F. App'x 60, 63 (3d Cir. 2011) (quoting 28 U.S.C. § 2255(b)); *accord United States v. Day,* 969 F.2d 39, 41-42 (3d Cir. 1992).

## III. <u>DISCUSSION</u>

The Sixth Amendment guarantees each defendant the right to receive the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 691 (1984). "To succeed on a claim of ineffective assistance of counsel, a defendant must show both that i) the performance of counsel fell below an objective standard of reasonableness and ii) the errors of counsel prejudiced the defense." *Jansen v. United States*, 369 F.3d 237, 243 (3d Cir. 2004). Courts do not "second-guess counsel's assistance," *Strickland*, 466 U.S. at 689, so long as counsel's decisions extend from "any considered sound strategy." *Jansen*, 369 F.3d at 244. However, "where counsel fails to object to an improper sentence enhancement under the Sentencing Guidelines, counsel has rendered ineffective assistance." *Id.* at 244. The petitioner bears the burden of proving both ineffectiveness and prejudice.

### A. Objective Reasonableness of Counsel's Performance

*Strickland*'s first prong calls for proof that counsel's performance was objectively unreasonable under prevailing professional norms. *Strickland*, 466 U.S. at 689. Here, Brown argues that counsel was unreasonable in failing to object to the application of a four-level enhancement for two prior convictions for a crime of violence or a substance abuse offense. According to Brown, his prior offense burglary (3rd degree) under N.J.S.A. § 2C:18-2 was not a "crime a violence" for the purpose of U.S.S.G. § 4B1.2(a)(1). If the enhancement was improper, then counsel's failure to object was unreasonable and his performance "ineffective."

A "crime of violence" under the Guidelines is:

Any offense under federal or state law punishable by imprisonment for a term exceeding one year, that—

> (1) Has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.1(a)(2014). To determine whether an offense qualifies as a "crime of violence" under § 4B1.2, courts use a "formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Taylor v. United States*, 495 U.S. 575, 600 (1990). If a state statute punishes a broader range of conduct—that is, if it is possible to violate the state statute without violating the generic, federal version—then "a conviction under it is not a career offender predicate even if the defendant actually committed the offense in a manner that also violated federal law. *United States v. Brown*, 765 F.3d 185, 189 (3d Cir. 2014).

The Court now examines the applicable state statute. New Jersey law defines burglary as follows:

> A person is guilty of burglary if, with purpose to commit an offense therein or thereon he:
>
> (1) Enters a research facility, structure, or a separately secured or occupied portion thereof unless the structure was at the time open to the public or the actor is licensed or privileged to enter;
>
> (2) Surreptitiously remains in a research facility, structure, or a separately secured or occupied portion thereof knowing that he is not licensed or privileged to do so; or

> (3) Trespasses in or upon utility company property where public notice prohibiting trespass is given by conspicuous posting, or fencing or other enclosure manifestly designed to exclude intruders.

N.J.S.A. § 2C:18-2 (West). The Government urges the Court to use the modified categorical approach, which applies when a statute contains alternate versions of the same crime. As the Supreme Court explained, "when a statute is divisible—*i.e.* comprises multiple, alternative versions of the crime—a sentencing court may look to a limited class of extra-statutory documents to determine which version of the offense was the basis of conviction." *Descamps v. United States*, 133 S. Ct. 2276, 2284 (2013). On the other hand, looking to extra-statutory documents in not appropriate where each version of the state statute is broader than the federal definition and thus not a predicate offense. *Brown*, 765 U.S. at 191. If "each version is overbroad (covers at least some conduct that is not a crime of violence) and indivisible (cannot be further divided into sub-versions *based on the elements*), the extra-statutory documents are irrelevant and a sentencing court's analysis has reached a dead-end: the prior conviction is not a predicate offense." *Id.*

Each of the three versions of "burglary" under New Jersey law can be violated without the offender committing the federal offense of "burglary of a dwelling." For instance, the first two versions listed in § 2C:18-2 can be violated by entering a research facility, and the third by trespassing upon the property of a utility company. Accordingly, Petitioner is correct that his prior conviction for burglary is not one enumerated in the Guidelines' definition of "crime of violence." Nor does burglary in New Jersey have "as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.1(a). The Court therefore concludes that Petitioner's burglary conviction is not a predicate offense for which a four-point enhancement applies under § 4B1.1(a). Where, as in this case, "counsel fails to object to an improper sentence enhancement under the Sentencing Guidelines, counsel has rendered ineffective assistance." *Jansen*, 369 F.3d at 244.

### B. Prejudice to Defendant's Case

Awarding relief for ineffective assistance of counsel requires showing "a reasonable probability" that, "but for counsel's deficient performance, the result of the proceeding would have been different." *Buehl v. Vaughn*, 166 F.3d 163, 172 (3d Cir. 1999). The Government denies that Brown was prejudiced because even under the revised computation the total offense was 25, the same level to which the Court departed by way of its 3553 analysis. "The extent this Court varied downward was not constrained by the initial finding that the base offense level was 24," argues the Government, and the "the Court was free, based on its analysis of the § 3553 factors, to vary downward as many levels as it deemed appropriate." Resp. Br. 5.

Although it is true that the Court could have varied downward further to some level below 25, the Court's analysis began with consideration of the applicable base offense level

under the Guidelines. Indeed, § 3553 explicitly provides that one of the five factors to be considered by a sentencing court shall be "the kinds of sentence and the sentencing range established" by the Guidelines. The Court cannot say confidently that Petitioner would have received the same sentence had the four-level career offender enhancement not been applied. Petitioner must be resentenced.[1]

## IV. CONCLUSION

For the forgoing reasons, Petitioner's motion to vacate, alter, or set aside his sentence is **GRANTED**. Petitioner's sentence is vacated and he will be resentenced pursuant to the accompanying order.

       /s/ William J. Martini
       **WILLIAM J. MARTINI, U.S.D.J.**

**January 19, 2018**

---

[1] Nothing in this Opinion should be taken as implying that the Court will or will not impose a lesser sentence when Petitioner is resentenced. The relief now awarded is merely that Petitioner's sentence is vacated and that Petitioner will be resentenced.