UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SADEEM BROWN,** | Docket No.: 16-5379 |
| Petitioner, | |
| v. | **OPINION** |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

On January 19, 2018, the Court granted Plaintiff's § 2255 motion to vacate, set aside or correct a sentence after determining he received ineffective assistance of counsel under *Strickland v. Washington*. The Government moves for reconsideration. The motion is **DENIED**. As the Court originally held in January, Petitioner must be resentenced under the current Sentencing Guidelines.

I. **BACKGROUND**

On November 12, 2015, the Court sentenced Petitioner to a term of 110 months for unlawful possession of a firearm by a convicted felon. *See* 18 U.S.C. § 922(g)(1). The Court used a base offense level of 24 under the Career Offender Guideline, which imposes a 4-point enhancement if an individual has sustained two or more felony convictions for either a "crime of violence" or controlled substance offense. U.S.S.G. § 2K2.1(a). The Government successfully argued that a prior conviction for burglary in New Jersey was a "crime of violence," and Plaintiff's counsel did not object to applying the Career Offender Guideline.

On July 30, 2016, Petitioner moved for habeas relief. He argued that burglary is not a "crime of violence" as statutorily defined in New Jersey;[1] that it was objectively

---

[1] Under New Jersey's burglary statute, a person is guilty of burglary if, with purpose to commit an offense therein or thereon he:
(1) Enters a research facility, structure, or a separately secured or occupied portion thereof unless the structure was at the time open to the public or the actor is licensed or privileged to enter;
(2) Surreptitiously remains in a research facility, structure, or a separately secured or occupied portion thereof knowing that he is not licensed or privileged to do so; or

1

unreasonable for counsel not to object to the Career Offender enhancement; and that he was prejudiced by receiving a base offense level of 24 instead of 20. The Court agreed. Using a categorical approach, "looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions," *Taylor v. United States*, 495 U.S. 575, 600 (1990), the Court found that New Jersey's definition of burglary was broader than the definition of a "crime of violence" under the Guidelines. Accordingly, the Court held that the correct base offense level would have been 20, not 24. Counsel's "failure to object to an improper sentence enhancement" violated Petitioner's Sixth Amendment right to receive effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 691 (1984).

The Court vacated Petitioner's sentence and scheduled a resentencing hearing for March 6, 2018. ECF No. 12. Petitioner's CJA counsel requested adjournment pending receipt of certain documents from the Government.[2] ECF No. 14. It is unclear whether counsel ever received these materials. No opposition has been filed to the Government's motion for reconsideration. Nevertheless, the Court now decides the motion in Petitioner's favor, by denying the Government's motion for reconsideration.

## II.    **LEGAL STANDARD**

Local Civil Rule 7.1(i) provides that "a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." "A motion for reconsideration is properly treated as a motion under Rule 59(e) . . . to alter or amend the judgment." *Koshatka v. Phila. Newspapers, Inc.*, 762 F.2d 329, 333 (3d Cir. 1985). "[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

"The word 'overlooked' is the operative term in [Rule 7.1(i)]." *Lentz v. Mason*, 32 F. Supp. 2d 733, 751 (D.N.J. 1999) (citation omitted). "Only dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion may be the subject of a motion for reconsideration." *Id.* (quotation and citation omitted). "[S]uch motions are not an opportunity to argue what could have been,

---

(3) Trespasses in or upon utility company property where public notice prohibiting trespass is given by conspicuous posting, or fencing or other enclosure manifestly designed to exclude intruders. N.J. STAT. ANN. § 2C:18-2(a) (2018).

[2] Specifically, counsel sought Petitioner's federal presentence report, Petitioner's state presentence reports related to the underlying predicate offenses, and copies of relevant state court convictions. ECF No. 14.

but was not, argued in the original set of moving and responsive papers." *Id.* (quotation and citation omitted)

### III.     <u>DISCUSSION</u>

The Government argues that a conviction under New Jersey's burglary statute is a "crime of violence" under the residual clause of the Career Offender Guideline, because burglary necessarily "involves conduct that presents a serious potential risk of physical injury to another."

Under the 2014 Sentencing Guidelines, "crime of violence" means "any offense under federal or state law punishable by imprisonment for a term exceeding one year, that—

> (1) Has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

U.S.S.G. § 4B1.2 (emphasis added). According to the Government, "[t]he caselaw is clear, burglary, regardless of whether the structure involved is a dwelling, falls within the residual clause because the offense presents a serious potential risk of physical injury to another." Government's Brief, at 4. That is an unreasonable interpretation of § 4B1.2. Otherwise, the Guideline would read "burglary," not "burglary *of a dwelling*." *Id.*

As the Court observed in its previous Opinion, New Jersey's burglary statute proscribes a broader range of conduct than does the Career Offender provision. "If the state statute 'sweeps more broadly' than the federal definition, a conviction under it is not a career offender predicate . . . ." *United States v. Brown*, 765 F.3d 185, 189 (3d Cir. 2014), as amended (Nov. 4, 2014). It was "objectively unreasonable" for counsel not to object. *See Strickland*, 466 U.S. at 691. Because a base offense level of 20 would have led to a different Guideline Range, Petitioner was prejudiced by his counsel's error. *See Jansen v. United States*, 369 F.3d 237, 243 (3d Cir. 2004). ("Where counsel fails to object to an improper sentence enhancement under the Sentencing Guidelines, counsel has rendered ineffective assistance."). Of course, this does not mean that Petitioner will receive a different sentence. He is, however, entitled by the Sixth Amendment to be resentenced.

The Court will resentence Petitioner under the 2016 Guidelines, unless doing so would lead to a harsher sentence. *See* U.S.S.G. § 1B1.11; *United States v. Clark*, 8 F.3d 839, 844 (D.C. Cir. 1993) ("[R]esentencing occurs under the version of the Guidelines in effect at the time of resentencing unless such an application would violate the *ex post facto* clause of Article I, section 9, of the Constitution.").

## IV. CONCLUSION

For the foregoing reasons, the Government's motion for reconsideration is **DENIED**.

                                                /s/ William J. Martini
                                        **WILLIAM J. MARTINI, U.S.D.J.**

**July 30, 2018**